# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**VICTORIA L. BENSON,**            CASE NO. 3:19 CV 2804

    Plaintiff,

    v.            JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.            **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Victoria L. Benson seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge David Ruiz for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Ruiz recommends this Court affirm the Commissioner's final decision. (Doc. 13). Plaintiff filed objections to the R&R (Doc. 14), and the Commissioner filed a response thereto (Doc. 15). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income in October 2016, alleging a disability onset date of September 8, 2015. (Tr. 183). Her claims were denied initially and upon reconsideration. (Tr. 106-08, 117-18). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on June 12, 2018. (Tr. 42-72). On August 15, 2018, the ALJ found Plaintiff not disabled in a written decision. (Tr. 14-28). The Appeals

Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-3). Plaintiff timely filed the instant action on December 2, 2019. (Doc. 1).

Plaintiff raised two arguments regarding the ALJ's decision to the Magistrate Judge. She argued the ALJ failed to properly evaluate the consulting examiner's opinion, and two other source opinions. (Doc. 10, at 2).

In his R&R, Judge Ruiz concluded the ALJ properly discounted the consultative examiner's opinion based on the vague, conditional language used and the absence of other mental health records. (Doc. 13, at 7-13). Additionally, he found the ALJ properly considered and explained his decision to discount opinions from two non-medical sources. *Id.* at 14-18. He recommends the Court affirm the Commissioner's decision. *See id.* at 19.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are

supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises a single objection to the R&R. She argues the ALJ and Judge Ruiz improperly discounted Dr. Wierwille's opinion. (Doc. 14, at 2-4). Specifically, she argues the lack of mental health treatment records are not a proper reason to discount Dr. Wierwille's opinion, and that the vagueness noted by the ALJ and Judge Ruiz results from the Commissioner's own regulations and therefore should not be used to discredit the consultative examiner. *Id.* Neither argument has merit.

First, the absence of treatment records can be substantial evidence for discounting a medical opinion. The Sixth Circuit has recognized that "ALJ's must be careful not to assume that a patient's failure to receive mental-health treatment evidences a tranquil mental state. For some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009) (citing *Pate–Fires v. Astrue*, 564 F.3d 935, 945 (8th Cir. 2009)). But where there is no evidence that explains the lack of treatment, an ALJ may properly rely on the lack of treatment as a factor in evaluating a claimant's limitations. *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) ("[U]nlike in *Pate–Fires*, there is little or no evidence expressly linking [plaintiff's] mental limitations to such repeated noncompliance."); *see also Kestel v. Comm'r of Soc. Sec.*, 756 F. App'x 593, 599 (6th Cir 2018). As such, the Sixth Circuit in *White* concluded "there [was] no evidence in the record

---

1. Neither party objects to Judge Ruiz's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Ruiz.

3

explaining [the plaintiff's] failure to seek treatment during this half-year gap [and] [a] 'reasonable mind' might therefore find that the lack of treatment . . . indicated an alleviation of [the plaintiff's] symptoms." 572 F.3d at 283–84.

Thus, courts have found no error when there is a lack of evidence connecting a plaintiff's noncompliance or lack of treatment to the mental health disorder itself. *See Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 743–44 (E.D. Mich. 2015) (finding no error where the ALJ relied on the fact that the plaintiff "never sought or received formal mental health treatment" and that no physician had referred the plaintiff to a mental health specialist for treatment); *Coleman v. Comm'r of Soc. Sec.*, 2016 WL 3209660, *9 (S.D. Ohio) (citing *White* and finding no error in an ALJ's consideration of plaintiff's lack of mental health treatment when "there [was] no evidence in the record to explain why plaintiff never sought mental health treatment until he was actively pursuing disability benefits"); *Bass v. Colvin*, 2015 WL 1299266, *22 (N.D. Ohio) (finding no error in consideration of plaintiff's failure to obtain treatment and take medication where plaintiff did not identify evidence that these were a result of his mental condition); *Ross v. Comm'r of Soc. Sec.*, 2013 WL 1284031, *13 (N.D. Ohio) ("Plaintiff did not provide any evidence linking her mental illness to noncompliance[.]").

Here, Plaintiff presents no argument that her mental health symptoms prevented her from seeking treatment, either in her objection or her brief on the merits. *See* Docs. 10, 14. Additionally, she admits there are no other mental health records, arguing instead that their absence is not a reason to discredit Dr Wierwille's opinion. (Doc. 14, at 2 ("[T]he Magistrate Judge pointed out that there was a lack of formal mental health treatment or mental health referrals. While this is accurate, that does not discredit Dr. Wierwille's opinions.")). In effect, Plaintiff argues the ALJ, and Judge Ruiz, should not have inferred the severity of her symptoms from her lack of mental

4

health treatment but rather credited Dr. Wierwille's opinion. But the substantial evidence standard permits the ALJ to make that choice so long as that decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Heston*, 245 F.3d at 534. And, as discussed above, the Sixth Circuit has endorsed an ALJ's decision to discount an opinion based on absent treatment records. *White*, 572 F.3d at 283–84. Therefore, the Court agrees with Judge Ruiz's recommendation to affirm this aspect of the ALJ's decision.

Second, Dr. Wierwille's non-specific language is not the result of Commissioner guidelines and can provide substantial evidence to support an ALJ's choice to discount a medical opinion. Dr. Wierwille's functional assessment included conditional language. *See* Tr. 474-75. For example, Dr Wierwille opined Plaintiff's preoccupation with making a mistake in front of others "*may* contribute to some limitation in the areas of understanding, remembering, and carrying out instructions. *Id.* at 474 (emphasis added). The ALJ discounted the opinion, in part, because the restrictions were couched in uncertain language. (Doc. 9, at 25 ("Dr. Wierwille's assessments are general in nature and do not contain specific functional limitations and are also somewhat speculative, using terms such as "may" in the general statements discussed above.")). And Judge Ruiz similarly noted the uncertain language. (Doc. 13, at 10 ("Given the repeated and undoubtedly intentional use of such qualified language, Dr. Wierwille was obviously reluctant to assess limitations without making it abundantly clear that she lacked the certainty that such limitations were absolutely necessary.")).

Other judges have found no error in the failure to include limitations phrased in non-definitive language. *See, e.g.*, *Golden v. Berryhill*, 2019 WL 2109322, at *7 (N.D. Ohio) ("Substantial evidence supports the ALJ's determination not to [include certain limitations], as Dr. Hill indicated these limitations not as requirements, but rather as possibilities, as she wrote that

5

Plaintiff "may need" these additional steps. And Dr. Hill did not provide further explanation as to when Plaintiff may need these additional instructions. Accordingly, the undersigned recommends that the Court find that substantial evidence supports the ALJ's decision to not include Dr. Hill's indication that Plaintiff may need extra time repetition and hands-on demonstrations in his MRFC for Plaintiff."), *report and recommendation adopted sub nom*, *Golden v. Comm'r of Soc. Sec.*, 2019 WL 2106566. And, contrary to her arguments, the regulations attached to Plaintiff's objection do not require consultative examiners to use words like "may" and "likely" to soften their opinions. *See* Doc. 14-1, at 18-20 (providing example functional assessments that lack uncertain language). Thus, the Court finds no error in the ALJ's decision to discount Dr. Wierwille's opinion based on its uncertain language.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Ruiz's R&R (Doc. 13) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

                                                    s/ *James R. Knepp II*
                                                 UNITED STATES DISTRICT JUDGE